**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARK MURPHY,**

                            **Plaintiffs,**

**-vs-**                                                            **Case No. 6:07-cv-89-Orl-28UAM**

**RGIS INVENTORY SPECIALISTS, LLC,**

                            **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 27)** |
| **FILED:** | **July 13, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff Mark Murphy seeks to hold Defendant RGIS Inventory Specialists, LLC ("RGIS") liable for allegedly failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). The parties have agreed to settle the case and now ask the Court to approve the settlement and dismiss the case with prejudice.

    Before the Court may approve the settlement of the FLSA claim, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If

a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

The Court has reviewed the proposed settlement and the pleadings in the record and finds the settlement is a fair and reasonable resolution of a bona fide dispute.[1] The parties have filed a copy of their Settlement Agreement and General Release, which provides that RGIS will pay Plaintiff $6,700 for back wages, liquidated damages, and attorney's fees and costs. Doc. No. 25-2 at 3, ¶ 6. As part of the Settlement Agreement, Murphy has agreed to dismiss both this federal action and an appeal of the denial of his unemployment claim with the Florida Agency for Workforce Innovation. *See id.* at 1, 2, ¶ 3. Unrelated to the current federal action, the unemployment agency had previously ordered Plaintiff to repay $1,700 that RGIS alleges was inadvertently paid to Plaintiff as unemployment benefits, and, prior to settling this case, Plaintiff had appealed the agency's order. *See* Doc. No. 27 at 2-3, 7.

In their joint motion, the parties further explain that of the total settlement amount of $6,700, Plaintiff will receive $842.38 as back wages (after the applicable tax deductions are made) and $1,000 in liquidated damages. *Id.* at 8. Plaintiff's counsel will therefore receive $4,290 in attorney's fees and $410 in costs. *Id.* The case involved disputed issues of FLSA coverage, and each party was represented by independent counsel, who were obligated to vigorously represent their client.

For the reasons stated above, it is therefore

---

[1] The Court makes no findings as to the fairness of the settlement of the non-federal unemployment claim. Instead, the Court has determined that the settlement of this action is fair and reasonable even in light of the settlement of the unemployment claim in conjunction with the FLSA claims.

**RECOMMENDED** that parties' Joint Motion For Approval of Settlement (Doc. No. 27) be **GRANTED**; the case should be dismissed the case with prejudice; and the Clerk should be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 3, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy